| | |
|---|---|
| 1 | Derek Newman, State Bar No. 190467 |
| 2 | *derek@newmanlaw.com* |
| | Peri-Elle Cabagnot, State Bar No. 301784 |
| 3 | *peri-elle@newmanlaw.com* |
| 4 | NEWMAN DU WORS LLP |
| | 100 Wilshire Boulevard, Suite 700 |
| 5 | Santa Monica, CA  90401 |
| 6 | Telephone:  (310) 359-8200 |
| 7 | Facsimile:    (310) 359-8190 |
| 8 | Attorneys for Plaintiff |
| | JENNIFER RONDINELLI REILLY |

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| JENNIFER RONDINELLI REILLY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>YOUTUBE, LLC, a Delaware limited liability company; GOOGLE INC., a Delaware corporation; and DOES 1–5,<br><br>Defendants. | Case No. 2:16-cv-8016<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT FOR COPYRIGHT INFRINGEMENT

JENNIFER RONDINELLI REILLY, ("Reilly" or "Plaintiff") hereby alleges for her complaint against YOUTUBE, LLC ("YouTube"), GOOGLE INC. ("Google"), and DOES 1–5 (collectively, "Defendants") upon personal information as to Plaintiff's own activities, and upon information and belief as to the activities of others, as follows:

## I.   JURISDICTION AND VENUE

1. This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this is a claim for copyright infringement arising under the Copyright Act for the United States, 17 U.S.C. § 101, et seq.

2. This Court has personal jurisdiction over YouTube because it conducts substantial business in the State of California and in this judicial district.

3. This Court has personal jurisdiction over Google because it conducts substantial business in the State of California and in this judicial district.

4. Venue is appropriate pursuant to 28 U.S.C. § 1391(b)(1)–(3).

## II.   PARTIES

5. Plaintiff is an individual and resident of Wisconsin.

6. YouTube is a Delaware limited liability company registered to do business in California. YouTube's principal business address is located at 901 Cherry Avenue, San Bruno, California 94066.

7. Google is a Delaware corporation registered to do business in California. Google's principal business address is located at 1600 Amphitheatre Parkway, Mountain View, California 94043.

8. Plaintiff does not know the true names of defendants named in this complaint as Does 1 through 5 and therefore sues those defendants by such fictitious names. Plaintiff will amend the complaint to include the true names of the Doe Defendants and allege facts supporting their liability when Plaintiff learns them through discovery. Plaintiff is informed and believes, and on that basis alleges, that

each of the fictitiously named defendants is responsible in some manner for the acts and omissions that give rise to Plaintiff's injuries, and that the Doe Defendants proximately caused Plaintiff's injuries.

### III. FACTS

**A. Reilly created copyrightable photographs and registered them with the U.S. Copyright Office.**

9. Reilly is a fine art photographer. Reilly's business is based on licensing and selling photographs she creates.

10. She owns all rights to an image of red lips and a microphone (the "Infringing Image").

11. Reilly registered the Infringing Image with the U.S. Copyright Office and has Copyright Registration No. # VA-1-891-496 (November 19, 2013). A true and correct copy of Reilly's copyright registration is attached as Exhibit A.

**B. YouTube's customer copied and publicly displayed the Infringing Image on YouTube's website without license or permission from Reilly.**

12. YouTube is a video-sharing company and maintains a website located at <www.youtube.com>. YouTube is a subsidiary of Google. Upon information and belief, YouTube uses servers owned by Google to host content on YouTube's website.

13. YouTube provides services to at least one Doe Defendant and allows that Doe Defendant to upload content onto YouTube's website.

14. On or around August 2016, Reilly discovered that at least one Doe Defendant copied, published, and publicly displayed the Infringing Image on YouTube's website without license or permission. Attached as Exhibit B are true and correct copies of screenshots of the infringing use.

**C. YouTube and Google failed to remove or disable access to the Infringing Image on YouTube's website despite notice from Reilly.**

15. Upon information and belief, both YouTube and Google can remove the Infringing Image displayed on YouTube's website and hosted on their servers.

16. YouTube has registered an agent with the United States Copyright Office for receipt of Digital Millennium Copyright Act ("DMCA") notices.

17. On August 1, 2016, Reilly sent a DMCA notice to YouTube's registered agent about the Infringing Image. The registered agent responded that she no longer handled copyright matters, but forwarded Reilly's notice to YouTube's copyright department at copyright@youtube.com. On August 24, 2016, YouTube emailed Reilly informing her that the Infringing Image was located on a Google server, and that they "have routed [the notice] to the appropriate Google team." Reilly did not receive any further communications from YouTube or Google. A true and correct copy of Reilly's correspondence with YouTube are attached as Exhibit C.

18. Reilly never authorized the Infringing Image to be posted on YouTube's website.

19. Neither YouTube nor Google has removed or disabled access to the Infringing Image on YouTube's website. The Infringing Image is still publicly displayed on YouTube's website.

### IV. CAUSE OF ACTION
### DIRECT OR IN THE ALTERNATIVE CONTRIBUTORY COPYRIGHT INFRINGEMENT

20. Reilly hereby incorporates Paragraphs 1–19 by reference.

21. Reilly is, and at all relevant times has been, the owner of the copyright in the Infringing Image.

22. The Infringing Image is copyrightable subject matter under 17 U.S.C. §

1  102(a)(5).

2  23.     Reilly has complied in all respects with the provisions of the Copyright Act and all regulations thereunder.

4  24.     Reilly registered the copyright in the Infringing Image with the United States Copyright Office.

6  25.     Reilly has the exclusive rights under 17 U.S.C. § 106 to (1) reproduce the Infringing Image, (2) prepare derivative works based on the Infringing Image, (3) distribute copies of the Infringing Image, and (4) display the Infringing Image publicly.

10  26.     Without the permission or consent of Reilly, the Infringing Image was reproduced, derivative works were made from it, copies were distributed of it, and it was displayed on YouTube's website.

13  27.     Reilly's exclusive rights in the Infringing Image were violated.

14  28.     Defendants induced, caused, or materially contributed to the infringement.

16  29.     Defendants had actual knowledge of the infringement. Reilly provided a notice to Defendants in compliance with the DMCA, and Defendants failed to expeditiously disable access to or remove the Infringing Image.

19  30.     Defendants acted willfully.

20  31.     Alternatively, YouTube and Google directly infringed Reilly's copyright by continuing to allow public access to the Infringing Image on YouTube's website or on servers controlled by Defendants, or through access controlled by Defendants to servers controlled by third parties.

### V.     RELIEF REQUESTED

WHEREFORE, Reilly asks this Court to enter judgment against YouTube, Google, and their subsidiaries, affiliates, agents, employees, and all persons acting in concert or participation with them, granting the following relief:

1.     Temporary and permanent injunctions preventing and restraining

infringement of the Infringing Image by Defendants under 17 U.S.C. § 502;

2. An order requiring the destruction of all copies made by or under the control of Defendants of the Infringing Image and all articles by which such copies may be reproduced under 17 U.S.C. § 503;

3. An award of the actual damages suffered by Reilly as the result of Defendants' infringement plus the profits of Defendants attributable to the infringement under 17 U.S.C. § 504(b);

4. Alternatively, if Reilly so elects, an award of statutory damages for each infringement under 17 U.S.C. § 504;

5. A judgment that Defendants' infringement was willful and an increased statutory damage award under 17 U.S.C. § 504(c)(2);

6. An award of Plaintiff's full costs including a reasonable attorney's fee under 17 U.S.C. § 505; and

7. For such other and further relief as may be just and proper under the circumstances.

Dated this 27th day of October, 2016.

Respectfully Submitted,

**NEWMAN DU WORS LLP**

By: *Peri-Elle Cabagnot*
Derek Newman, State Bar No. 190467
*derek@newmanlaw.com*
Peri-Elle Cabagnot, State Bar No. 301784
*peri-elle@newmanlaw.com*

Attorneys for Plaintiff
JENNIFER RONDINELLI REILLY

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Jennifer Rondinelli Reilly demands a trial by jury of all issues presented in this complaint which are triable by jury.

Dated this 27th day of October, 2016.

Respectfully Submitted,

**Newman Du Wors LLP**

By: *Peri-Elle Cabagnot*
Derek Newman, State Bar No. 190467
*derek@newmanlaw.com*
Peri-Elle Cabagnot, State Bar No. 301784
*peri-elle@newmanlaw.com*

Attorneys for Plaintiff
JENNIFER RONDINELLI REILLY